Judgment reversed.

*J. C. Hall*, for appellants.

*Miller* and *Beck*, for appellee.

---

## DAWSON v. JEWETT.

An attachmnnt should not be granted, unless asked for in plaintiff's petition.

A note made payable to bearer, should be transferable by indorsement, or else sued in the name of the payee, or his legal representative.

### Appeal from Polk District Court.

*Opinion by* GREENE, J. This suit was commenced by attachment. The action was founded on two promissory notes, and an item of account. Trial by jury. Verdict and judgment for plaintiff. Defendant appealed and has assigned several errors.

1. It is claimed that the court erred in overruling the motion to dissolve the attachment. There is at least one good cause given for dissolving the attachment. The petition gives no reason, nor does it ask, for an attachment, and therefore it should not have been granted. The relief granted should not exceed that requested by the petition. Code, § 1820. This rule should be especially observed in reference to the extraordinary and stringent proceeding by

Dawson *v.* Jewett.

attachment. This process should only be granted for good cause, and when especially demanded in the petition. [a]

2. The second and third errors assigned, are in reference to the two notes which were permitted to go to the jury. Neither of these notes was made payable to the plaintiff, nor was either of them payable to bearer, or indorsed by the payee. The answer denied plaintiff's right to these notes, and defendant objected to their introduction. Still the court overruled the objection, and admitted the notes in evidence. This was error. As the notes were not payable to bearer, they could not be transferred by mere delivery. They should have been indorsed by the payee, or sued in his name, or in the name of his legal representative.

Besides the answer expressly alledged, by way of avoidance, that plaintiff did not own the notes. This allegation was not denied, and should therefore have been taken as true.

Judgment reversed.

*Madison Young*, for appellant.

*J. E. Jewett, pro se.*

---

(a) *Ante*, p. 113.